IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          Case No. 16-10062-02-JTM

ARMANDO SOTELO,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant Armando Sotelo to modify the terms of release previously imposed by the court. On November 29, 2016, Sotelo pled guilty to Count 1 of the Indictment, which charged a violation of the Hate Crimes Act, 18 U.S.C. § 249, which is a crime of violence under federal law. Sentencing is scheduled for February 22, 2017.

Noting that he will soon have been in custody for 18 months, Sotelo argues that he may be entitled to a "time served" sentence, given an anticipated guidelines sentence range between 18 and 24 months. (Dkt. 125, at 2). He argues he is not a flight risk. In addition, he contends that he is not a danger to the community. Citing trial testimony suggesting that the assault may have been caused by his use of alcohol, Sotelo contends that "[t]he crime of conviction is not the act of a violent racist, [but] an act of rage fueled by alcohol." (*Id.* at

3).

The court will deny the motion for modification. The release or detention of a person convicted of a crime is controlled by 18 U.S.C. § 3143. If a person has been convicted of a crime of violence, § 3143(a)(2) requires detention

unless–

(A)(I)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3145 provides another vehicle for the review or appeal from detention and release orders. Under Subsection (c), "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The defendant is not entitled to release under § 3143(a)(2). The defendant having pled guilty, there is no likelihood of acquittal or new trial, and the government recommends imprisonment. Release is therefore permissible only under the "exceptional circumstances" exception of § 3145(c).

Defendant Sotelo has failed to demonstrate a basis for release under this provision,

which requires some "truly unusual factors or combination of factors" justifying release. *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003). A defendant must establish "exceptional circumstances" under § 3145(c) *in addition* to demonstrating he is no danger to the community and is not likely to flee. *See United States v. Jones*, 979 F.2d 804, 805 (10th Cir. 1992) (per curiam). Accordingly, Sotelo's argument that he will not flee by itself will not warrant a modification.

The defendant has not shown that he will pose no danger to the community. The government has presented evidence of a substantial criminal history on the part of the defendant, in addition to the present charged offense. (Dkt. 133, at 3). That history includes separate charges for domestic violence, even while the defendant was on probation for earlier offenses. The defendant in his Reply (Dkt. 134) has not challenged the government's proffer of this criminal history.

In addition, Sotelo's claim that the incident was simply a drunken bar fight, a centerpiece of his defense of the case at the first trial, is no longer tenable after his plea. Defendant has explicitly affirmed the existence of facts sufficient to warrant conviction under Count 1, which charges that he perpetrated a hate crime by acting to "willfully cause bodily injury" to another person, and that he did so at least in part "because of" that person's "actual and perceived race and national origin."

The court recognizes the dispute between the defendant and the government as to the sentence which the government would recommend. The defendant has submitted a copy of an email to the government indicating that he was willing to plead guilty if he

received a low end of the range recommendation by the government. The government

points out that the actual Plea Agreement contains no language binding the government

to a low end recommendation, and asserts that it will in fact seek the high end of the range.

The court will determine the defendant's sentence at the scheduled hearing. For

purposes of resolving the present motion, it is sufficient to observe that the defendant has

failed to meet the threshold requirement of showing that he would not be a danger to the

community.

IT IS ACCORDINGLY ORDERED this 20th day of December, 2016, that the

defendant's Motion to Modify (Dkt. 125) is hereby denied.

___s/ J. Thomas Marten_____

J. THOMAS MARTEN, JUDGE
